UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| INEOS CALABRIAN CORPORATION | § § § | |
| Plaintiff, | § § § | |
| | § | Civil Action No. 1:21-cv-00565 |
| v. | § § | |
| UNITED STEEL, PAPER AND FORESTRY, RUBBER AND MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO, CLC LOCAL 13-423. | § § § § § § § § § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

### INTRODUCTION

1. Plaintiff INEOS Calabrian Corporation (the "Company") discharged Daren Denson ("Denson") from employment for his role in causing a dangerous chemical release at its chemical plant in Port Neches, Texas. Denson was an Operator represented by the United Steel, Paper and Forestry, Rubber and Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC, Local 13-423 (the "Union"). The Company and the Union are parties to a collective bargaining agreement (the "CBA"), which contains grievance and arbitration procedures culminating in arbitration before a third party neutral. The Union grieved Denson's discharge to arbitration, which was conducted before FMCS arbitrator Russell E. Bergstedt, Jr. (the "Arbitrator"). By his Arbitration Award dated October 24, 2021 (the "Award"), the Arbitrator

determined that the Company was justified in disciplining Denson, but the discharge penalty was too severe "for the culpability he shared for the failure to properly lock out the equipment." The Arbitrator substituted his judgment for the Company's choice of discipline by modifying the penalty from discharge to an unpaid fourteen (14) month suspension, and ordered that Denson be reinstated without backpay. The Arbitrator thus violated the specific limitation on his authority in Article XXI, Section 5 of the parties' CBA: "**The Arbitrator shall not have the authority… (2) to modify Employer's decision regarding the penalty imposed in a discharge or disciplinary matter; the arbitrator shall be limited to a determination of whether there was just cause** ... " (emphasis added). The Company brings this action under Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185, requesting the Court to vacate that portion of the Award that exceeded the Arbitrator's authority under the CBA, and to uphold the discharge.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under Section 301 of the LMRA, 29 U.S.C. § 185.

3. The Union is subject to personal jurisdiction in this District under the LMRA, 29 U.S.C. § 185(c), because the Union maintains its principal office in this District, its duly authorized officers or agents are engaged in representing or acting for employee members in this District, and the arbitration took place in this District.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Union conducts business in this District and Division, and a substantial part of the events giving rise to the claim occurred in this District and Division.

## THE PARTIES

5. To the extent material here, the Company is a corporation that is engaged in the business of manufacturing chemicals at a chemical plant located in Port Neches, Texas. The Company is an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 152(2).

6. The Union is a labor organization representing employees in an industry affecting commerce within the meaning of 29 U.S.C. § 152(5), with its principal offices located at Port Arthur, Texas. To the extent material here, the Union represents the production and maintenance workers at the Company's Port Neches plant.

7. The Union may be served with process through its attorney, Jacqueline Ryall of the Provost Umphrey Law Firm.

## FACTS

8. At all relevant times, the Company and the Union were parties to the CBA, the most recent extension of which is effective from August 28, 2020, through August 28, 2022. The CBA is a contract between an employer and a labor organization within the meaning of 29 U.S.C. § 185(a). A true and correct copy of the CBA is attached hereto as Exhibit A.

9. Pursuant to Article IV of the CBA, the Company retains the management right to discharge employees represented by the Union for just cause.

10. Articles XI-XII of the CBA set out grievance and arbitration resolution procedures, the last step of which is arbitration before a third-party arbitrator selected by the parties through the auspices of the Federal Mediation and Conciliation Service ("FMCS").

11. Article XXI, Section 5 of the CBA limits the authority of an arbitrator deciding a grievance over discipline imposed by the Company by providing, in relevant part: "**The Arbitrator shall not have the authority… (2) to modify Employer's decision regarding the penalty imposed**

**in a discharge or disciplinary matter; the arbitrator shall be limited to a determination of whether there was just cause** ... " (emphasis added).

12. Denson was employed as an Operator at the Company's Port Neches chemical plant and was represented by the Union.

13. The Company discharged Denson on August 20, 2020, for his role in causing a dangerous chemical release that occurred on August 17, 2010.

14. The Union filed a grievance under the CBA contending that Denson had been unjustly terminated. The Company denied the grievance at the successive steps of the grievance procedure and the Union demanded arbitration of the grievance under Article XII of the CBA. Through the FMCS, the parties selected the Arbitrator to hear the grievance.

15. On July 28, 2021, the Arbitrator held a hearing in Port Arthur, Texas and took testimony and evidence.

16. On October 24, 2021, the Arbitrator issued the Award, a true and correct copy of which is attached as Exhibit B.

17. The issue framed by the Arbitrator was: "Was Grievant, Daren Denson, terminated for just cause; if not, what is the appropriate remedy?"

18. The Arbitrator determined that discipline was appropriate in Denson's case:

"I am of the opinion the Company acted within its right to discipline Daren Denson. However, the question is, was the discharge the appropriate discipline and did the Company discharge Denson after satisfying the requirements proving there was just cause?"

19. Even though he found discipline appropriate for Denson, the Arbitrator substituted his judgment for the Company's as to the appropriate severity of that discipline:

"The severity of the penalty here does not meet the requirement that punishment be reasonably related to the seriousness of the offense of improperly locking out equipment, a similar offense for which Denson received a verbal in 2005."

20. After opining that the Company's discharge decision was too severe, the Arbitrator modified the penalty as follows:

"After a complete and thorough review of the record, transcript, post-hearing briefs and exhibits and for the reasons stated above, the Company did not have sufficient cause for the discharge of Daren Denson. The Grievant will be reinstated to his former position with no loss of seniority. Denson is reinstated without back pay and his personnel file will not be purged of this award for **the culpability he shared for the failure to properly lock out the equipment**." (emphasis added)

21. The Arbitrator substituted his judgment for the Company's by modifying the Company's choice of penalty from discharge to an unpaid fourteen (14) month suspension, and ordered that Denson be reinstated without backpay.

22. The Arbitrator necessarily found that discipline was justified or else, among other things, he could not have (a) found that Denson had "shared" culpability "for the failure to properly lock out the equipment," (b) found that "the company acted within its right to discipline Daren Denson," and (c) imposed a fourteen (14) month unpaid suspension in lieu of discharge. Having concluded that discipline was justified the Arbitrator was prohibited by Article XXI, Section 5 of the CBA from modifying the penalty selected by the Company.

23. By modifying the discharge penalty, the Arbitrator altered the parties' agreement and exceeded the express limitation on his authority in Article XXI, Section 5 of the CBA.

5

# FIRST CAUSE OF ACTION
## PETITION TO VACATE ARBITRATION AWARD UNDER 29 U.S.C. § 185

24. The Company repeats and realleges the allegations made in paragraphs 1 through 23 above as if fully set forth herein.

25. Having found that the Company was justified in disciplining Denson, the Arbitrator was required under Article XXI, Section 5 of the CBA to uphold the Company's discharge decision, whether he agreed with that penalty or not. The Arbitrator was without jurisdiction, power, or authority to substitute his more lenient penalty of an unpaid fourteen (14) month disciplinary suspension.

26. The Arbitrator willfully disregarded the terms of Article XXI, Section 5 of the CBA, which limited his authority, and improperly dispensed his own brand of industrial justice in contravention of the CBA and federal law under 29 U.S.C. § 185.

27. The Company has been injured because the Arbitrator exceeded his authority under the CBA, the Award violates and breaches the CBA, and the Award does not draw its essence from the CBA. Therefore, the Court should vacate that portion of the Award that modified the discharge penalty, and order that Denson's discharge stands.

## RELIEF SOUGHT

28. WHEREFORE, the Company prays for judgment against the Union as follows:

   a. For an Order vacating and enjoining enforcement of that portion of the Award dated October 24, 2021, that improperly modified the discharge penalty;

   b. For an Order affirming Denson's discharge; and

c. For an Order granting the Company its court costs and such other and further relief as may be just and proper.

Dated: November 15, 2021                      Respectfully submitted,

ORGAIN BELL & TUCKER, LLP

470 Orleans Street
P. O. Box 1751
Beaumont, Texas 77704-1751
(409) 838-6412 Telephone
(409) 838-6959 Facsimile

_____
Robert J. Hambright
rjh@obt.com
State Bar No. 08814300

ATTORNEYS FOR PLAINTIFF
INEOS CALABRIAN CORPORATION